UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
AISHA O. KABA,

                Plaintiff,                              **MEMORANDUM AND ORDER**
                                                                            23-CV-9512 (OEM) (LB)

        -against-

HOPE HOME CARE,

                Defendant.
---------------------------------------------------------------x

**ORELIA E. MERCHANT, United States District Judge:**

        On December 26, 2023, plaintiff Aisha O. Kaba ("Plaintiff") filed this *pro se* action against Hope Home Care ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1981, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). Complaint, ECF 1 ("Compl."). On February 21, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis*. For the reasons stated below, Plaintiff's complaint is dismissed, and Plaintiff is granted until May 20, 2024 to file an amended complaint (the "Amended Complaint").

## BACKGROUND

        Plaintiff's complaint is an employment discrimination form complaint. On this form complaint, Plaintiff checks off every box to assert claims for failure to hire, termination of employment, failure to promote, failure to accommodate a disability, unequal terms and conditions of employment, and retaliation. Compl. at 4. Plaintiff also checks boxes indicating that she alleges discrimination based on race, color, gender/sex, religion, national origin, and disability or perceived disability. *Id.* at 5. In the statement of facts section, Plaintiff states that Defendant "neglected and lacked of [sic] care for broken toes sustained at client [sic] house while on duty working for Hope Home Care," and that she was

1

thereafter suspended without pay. *Id.* Plaintiff further states that she "[s]uffered from discrimination, retaliation, unequal terms, and other unequal terms." *Id.* Under the Exhaustion of Federal Administrative Remedies section, Plaintiff indicates that the Equal Opportunity Commission ("EEOC") has not issued a right-to-sue letter. *Id.* at 6. Plaintiff seeks monetary damages. *Id*.

## STANDARD OF REVIEW

28 U.S.C. § 1915 allows a litigant to pursue a claim in federal court "without prepayment of fees or security" so long as they "submit[] an affidavit" that establishes "that the person is unable to pay such fees." 28 U.S.C. § 1915(a).[1] However, in exchange for the privilege of maintaining an action without payment and to avoid abuse of the judicial system, § 1915(e) provides a mechanism for the Court to initially review the complaint prior to the issuance of a summons and the commencement of the adversarial process. *See Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam) ("[W]e are not unmindful of the mounting concern over the ever-increasing caseload burdening the federal courts, and the growing view that judges must be alert to prevent the dissipation of limited judicial resources on claims that are frivolous or are brought in bad faith.").

With Plaintiff's motion to proceed IFP already granted in the Court's February 21, 2024 Order, the Court's remaining duty at this stage is to review Plaintiff's complaint on the merits. *See id*. ("The statutory scheme recognizes, however, that whether a plaintiff qualifies for *in forma pauperis* status and whether his claims have merit present two distinct issues.").

At the initial review of the complaint, a district court "shall" dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

---

[1] 28 U.S.C. § 1915 also contains additional requirements and provisions for incarcerated litigants seeking *in forma pauperis* status which do not apply here. *See, e.g., id.* at (a)(2), (b); § 1915A.

2

1915(e)(2)(B).  In practice, "[t]he standard for dismissal of an action or appeal taken in forma pauperis is identical to the standard for dismissal on a motion made pursuant to Fed. R. Civ. P. 12(b)(6)." *Fridman*, 195 F. Supp. 2d at 538.  That is, the complaint must survive the *Iqbal-Twombly* pleading standard and "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'"  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyer.").  Nonetheless, a pro se plaintiff must "still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

## DISCUSSION

### A. Exhaustion of Administrative Remedies

Before filing a complaint in federal court, plaintiffs asserting Title VII, ADA, and ADEA claims must first exhaust their administrative remedies by filing a complaint with the EEOC or the equivalent state agency and obtaining a notice of right-to-sue.  *See, e.g.*, *Rasko v. New York City Admin. for Children's Servs.*, 734 F. App'x 52, 54 (2d Cir. 2018) ("Under Title VII, a plaintiff in New York must file a complaint with the EEOC within 300 days of a discriminatory act.") (cleaned up); *Boonmalert v. City of New York*, 721 F. App'x 29, 31 (2d Cir. 2018) ("A plaintiff seeking to recover under the ADEA must file a discrimination charge with a state agency within 300 days of the occurrence of the allegedly

unlawful employment practice.") (quoting *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007)); *Roy v. Buffalo Philharmonic Orchestra*, 684 F. App'x 22, 23 (2d Cir. 2017) ("A plaintiff raising an ADA claim of discrimination must exhaust all administrative remedies by filing an EEOC charge within 300 days of the alleged discriminatory conduct.") (citing *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325 (2d Cir. 1999)).

In New York, a federal employment discrimination claim is time-barred unless the plaintiff first files an EEOC charge within 300 days of the alleged discrimination. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 79 (2d Cir. 2015) (quoting 42 U.S.C. § 2000e-5(e)(1)). This requirement is analogous to a statute of limitations. *Vega*, 801 F.3d at 79; *Patterson v. County of Oneida*, 375 F.3d 206, 220 (2d Cir. 2004) (affirming dismissal as untimely for claims based on conduct that occurred more than 300 days prior to the filing of EEOC charge). After filing a charge of discrimination, an individual can then only commence a federal suit if she files a complaint within 90 days of receipt of a "right-to-sue" letter from the EEOC. *See Duplan v. City of New York*, 888 F.3d 612, 621–22 (2d Cir. 2018); 42 U.S.C. § 2000e-5(f)(1) (requiring the EEOC to "notify" claimants about agency dismissals and providing that claimants may file suit in federal court within 90 days of notification); *Ziyan Shi v. New York Dept. of State, Div. of Licensing Services*, 393 F. Supp. 3d 329, 339 (S.D.N.Y. 2019).

Unlike Title VII and the ADA, the ADEA, in contrast, "does not require an aggrieved party to receive a right-to-sue letter from the EEOC before filing suit in federal court." *Holowecki v. Fed. Exp. Corp.*, 440 F.3d 558, 563 (2d Cir. 2006). However, if the EEOC issues a notice to an ADEA claimant that the Commission is dismissing or otherwise terminating the proceeding, then "the claimant must file [his] federal suit within 90 days after receipt of the letter. *Donahue v. Asia TV USA Ltd.,* 208 F. Supp. 3d 505, 520 (S.D.N.Y. 2016). Here, Plaintiff states that she has not received a right-to-sue letter and

does not clarify whether she filed a charge of discrimination with the EEOC. Accordingly, it appears that Plaintiff has failed to exhaust her administrative remedies.

### B. Underlying Title VII, ADEA & ADA Claims

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). In order to plead a Title VII claim, Plaintiff is required to plausibly allege facts that "provide 'at least minimal support for the proposition that the employer was motivated by discriminatory intent.'" *Vega v. Hempstead Union Free Sch. Dist.,* 801 F.3d 72, 84–85 (2d Cir. 2015) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).

The ADEA establishes that it is "unlawful for an employer [...] to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to establish a prima facie case of age discrimination in violation of the ADEA, a plaintiff must show: (1) that he was within the protected age group (more than 40 years old); (2) that he was qualified for his position; (3) that he experienced adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination. *See Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (citing *Carlton v. Mystic Transp. Inc.,* 202 F.3d 129, 134 (2d Cir. 2000)).

To establish a prima facie case of discrimination under the ADA, Plaintiff must show that "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment

5

action because of his disability or perceived disability." *Kinneary v. City of New York*, 601 F.3d 151, 155–56 (2d Cir. 2010) (citation and internal quotation marks omitted); *see also Adams v. Festival Fun Parks*, LLC, 560 Fed.Appx. 47, 48–49 (2d Cir. 2014) (quoting *McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013)) (outlining requirements for prima facie case under the ADA).

Each of Title VII, the ADEA, and the ADA require a plaintiff to plead some causal connection between a protected status and an adverse employment action, but Plaintiff's complaint alleges no facts that could possibly connect any adverse employment action to a protected status. Therefore, even under the most liberal interpretation of Plaintiff's complaint, she fails to allege a prima facie case of discrimination in violation of Title VII, the ADEA, or the ADA. *See Littlejohn v. City of NY*, 795 F.3d. 297, 311 (2d Cir. 2015) ("The facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation."); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) ("[A] plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination.").

## CONCLUSION

Accordingly, Plaintiff's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of Plaintiff's *pro se* status, she is granted until May 20, 2024 to file an Amended Complaint. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).

Plaintiff's Amended Complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, provide all relevant dates, and include a short, plain statement of facts sufficient to support a plausible claim that Defendant discriminated against her in violation of Title VII, the ADEA and the

ADA.  Plaintiff should also state whether she filed a charge of discrimination with the EEOC, including the date she filed the charge, and she should attach a copy of the charge to the Amended Complaint.

Plaintiff is advised that the Amended Complaint will completely replace the Original Complaint, must be captioned, "Amended Complaint," and shall include the same docket number as this Order: 23-CV-9512 (OEM) (LB).

No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If Plaintiff fails to comply with this Memorandum and Order within the time allowed, or fails to cure the deficiencies discussed herein, judgment dismissing the action shall enter.

The Clerk of Court is directed to mail a copy of this Order and an employment discrimination form complaint to Plaintiff.  Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, confidential, limited-scope legal assistance.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**                                    /s/ Orelia E. Merchant
                                                           ORELIA E. MERCHANT
                                                           United States District Judge

Dated: Brooklyn, New York
       April 18, 2024